**Ethel WALDRON, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ–86–70C.**

United States District Court, W.D. New York.

May 14, 1987.

Oak Orchard Legal Services, Inc. (Carol L. Eisenman, of counsel), Batavia, N.Y., for plaintiff.

Roger P. Williams, U.S. Atty. (Jacqueline Stover, Sp. Asst. U.S. Atty., of counsel), Buffalo, N.Y., for defendant.

CURTIN, Chief Judge.

This action is brought by plaintiff pursuant to 42 U.S.C. §§ 405(b) and 1383(c)(3) to appeal a final decision of the Secretary of Health and Human Services [Secretary] terminating plaintiff's Supplemental Security Income [SSI] benefits and denying her request for waiver of overpayment that has been assessed against her. The procedural history of this case is adequately set out in the parties' papers and need not be repeated here.

Plaintiff has been receiving SSI benefits since 1980. At all times since the date of her application to the present, she has owned a house, some land, and an adjacent tenant house. In late 1984, plaintiff was notified by the Secretary that the tenant house and the land upon which it sits was being considered a resource whose value was in excess of that authorized by relevant SSI regulations (Tr., p. 44). It also notified her at the time that, because of this resource, her SSI benefits would be terminated effective February 1985. Plaintiff subsequently received a notice that she

had been overpaid $4,877.13 (Tr., p. 49). The Secretary refused to waive recovery of this amount despite the fact that it found that it was the Secretary's error which caused the overpayment. It said that the refund of the overpayment would not defeat the purpose of the Social Security Act and was not against equity and good conscience (Tr., pp. 11–16).

At the time of the filing of this action, plaintiff was a 65–year-old resident of Elma, New York. She lives in a house that she had jointly owned with her husband until his death in 1981. She has lived in this house since 1939. In addition to this house, there is, as was stated above, a tenant house on her property. Plaintiff's daughter and her family occupy this house. While the record indicates that they do not pay rent to plaintiff, it is indicated that they pay the property taxes on this property and provide general upkeep (Tr., p. 183).

The record also shows that, from the time plaintiff first applied for SSI benefits, plaintiff and her late husband reported the existence of the tenant house on their property (Tr., pp. 142, 155, 157–60). In fact, on May 12, 1980, the Secretary directly contacted plaintiff's daughter regarding her living arrangements with plaintiff (Tr., p. 142).

In 1982, the Secretary once again had occasion to consider the status of this tenant housing. On July 13, 1982, a "Report of Contact" entered by the Secretary noted that all property owned by plaintiff was contiguous and that plaintiff's daughter does not pay any rent for her use of the second house. On that basis, the report concluded that since "real estate is located contiguous, it is considered all part of her home property [and] is thus excluded as a countable resource" (Tr., p. 179). However, when the Secretary considered the issue again in 1984, it determined that "[t]he tenant house is an outbuilding but it is not necessary to the operation of the principal residence house. The tenant house is a countable resource, valued at over $1500." (Tr., p. 44.) Cf., 20 C.F.R. § 416.1205.

Because of plaintiff's health problems, plaintiff was unable to attend her *de novo* hearing on her behalf before an Administrative Law Judge [ALJ] on June 11, 1985. Instead, her representative, Gail Pocock, appeared and presented a witness, Jane Norstrand. Ms. Norstrand testified that she was a licensed real estate salesperson who had worked in that capacity for about three years (Tr., pp. 30–31). She said that she had viewed the property owned by plaintiff that was the subject of the hearing and believed that it was in "very poor" condition, such that no bank would hold a mortgage or otherwise provide financing (Tr., pp. 33–34). She said her examination revealed that the heating system did not work, that the roof leaked, and that the well and septic system were in such poor condition that they could not pass local health standards (Tr., pp. 34–35).

Ms. Norstrand asserted that, without repairing these problems, plaintiff would probably be unable to sell the property in the foreseeable future without bank financing (Tr., pp. 36–37). She gave the opinion that the tenant house needed between $10,000.00 and $20,000.00 in repairs and that, after these repairs, the house would have a value between $24,900.00 and $29,900.00 (Tr., pp. 36–37). On December 17, 1984, plaintiff herself guessed that the tenant house was presently worth approximately $15,000.00 (Tr., p. 96).

It is undisputed that, for purposes of this motion, resources are defined, at 20 C.F.R. § 416.1201(a) as:

cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his support and maintenance. If the individual has the right, authority or power to liquidate the property, or his share of the property, it is considered a resource. If a property right cannot be liquidated, the property will not be considered a resource of the individual (or spouse).

Further, the equity value of a non-liquid resource is defined as the price the item can reasonably be expected to sell for on the open market in the particular geographical area involved, minus any encumbrances. 20 C.F.R. § 416.2101(c). At the time of her hearing in June, 1985, plaintiff could not have resources whose equity value exceeds $1,600.00 in order to receive SSI. 20 C.F.R. § 416.1205(a). Under the regulations, the Secretary must exclude plaintiff's home, and the land appertaining thereto, in determining her resources. 20 C.F.R. § 416.1210.

While the Secretary concedes that the plaintiff was "without fault" in causing any overpayment to be made to her (20 C.F.R. § 416.550; *cf., Lewecki v. Secretary of Health and Human Services*, CIV–86–411C (W.D.N.Y. February 17, 1987) [Available on WESTLAW, DCT database]), it says that recovery of this overpayment will not be waived unless such recover will either:

1) Defeat the purpose of Title XVI [of the Social Security Act],

2) Be against equity or good conscience, or

3) Impede efficient or effective administration of Title XVI due to the small amount involved. 20 C.F.R. § 416.550(b).

Plaintiff argues that the Secretary committed error in this case by failing to evaluate real estate agent Norstrand's opinion of the tenant house sufficiently, and by finding that this house was worth more than $1,500.00 (Tr., p. 15). As was stated above, Ms. Norstrand believed that plaintiff's tenant house would be worth between $24,900.00 and $29,900.00 after repairs, costing between $10,000.00 and $20,000.00, were done. Plaintiff argues that, because the Secretary does not consider the fact that it would be impossible for plaintiff to obtain the money to do these repairs or the present unsaleability of the tenant house, it committed reversible error. In fact, plaintiff argues that the tenant building has no value in its present state because, without the needed repairs, the property cannot be liquidated. 20 C.F.R. § 416.1201(a). Accordingly, she argues that the Secretary's finding that the tenant house is a resource is not supported by substantial evidence.

Alternatively, plaintiff argues that, even if the tenant house could be considered a

non-excludable resource, plaintiff's overpayment should be waived. Plaintiff argues that the recovery of the overpayment by the Secretary in this case would defeat the purpose of Title XVI of the Social Security Act because the evidence shows that all of plaintiff's income and resources are needed for plaintiff's ordinary and necessary living expenses. 20 C.F.R. § 416.553(a). In support of this view, plaintiff states that since the termination of her SSI benefits, she has a monthly income of less than $300 per month (Tr., p. 55) and about $500 in her savings account (Tr., p. 56). Her basic expenses (including taxes, food, clothing, utilities, insurance, and medical bills) total almost $550 per month (Tr., p. 55).

■ Given all of the above, I find as follows. First, I find that the Secretary's determination that plaintiff's tenant house is a non-excludable resource whose value exceeds that statutory limit set forth in 20 C.F.R. § 416.1205(a) is not supported by substantial evidence.

As Ms. Norstrand indicated without contradiction in the record, the tenant house which is the subject of the present case is in such poor condition that it cannot be sold as it is. Because the Secretary failed to properly consider this evidence below, I find that it committed reversible error. In addition, I believe that the Secretary failed to consider the virtual impossibility that plaintiff could ever obtain the financing needed to do the necessary repairs to make the tenant house a "resource" within the meaning of the regulations. As the record clearly indicates, plaintiff is an ailing, elderly widow with very limited financial means available to her. As such, I find that the Secretary's apparent belief that plaintiff could actually afford to repair the tenant house and sell it constitutes unsupported speculation which is impermissible under law. Accordingly, the Secretary's decision terminating plaintiff's SSI benefits must be reversed in all respects.

■ Finally, I also find that the Secretary's determination regarding the recovery of any alleged overpayment to plaintiff must be reversed. I believe that this find-

ing, as was the Secretary's decision to terminate plaintiff's benefits, is contrary to the interests of equity, good conscience, and the purpose of the Social Security Act.

In summary the Secretary's decision 1) terminating plaintiff's SSI benefits and 2) denying plaintiff's request for a waiver of any overpayment are reversed in all respects. If plaintiff's attorney plans to move for attorney's fees in connection with this case, I direct that this motion be made in accordance with this court's decision in *Compton v. Secretary*, CIV. 83–1402C (March 18 and April 8, 1986) [Available on WESTLAW, DCT database].

So ordered.